UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Case No. 1:21-cv-00213 (CJN)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MEET AND CONFER REPORT
PURSUANT TO LOCAL CIVIL RULE 16.3**

Plaintiffs U.S. Dominion Inc., Dominion Voting Systems Inc., and Dominion Voting Systems Corporation (collectively, "Plaintiffs") and Defendant Rudolph Giuliani jointly submit this Meet and Confer Report pursuant to Local Civil Rule 16.3(c) and the Court's August 26, 2021 Minute Order.

In accordance with the Court's order, the parties met and conferred telephonically on September 10, 2021, and by email after that date. The parties' respective positions as to the issues raised in Local Civil Rule 16.3(c) are outlined below, followed by the parties' views on a proposed scheduling order under Local Civil Rule 16.3(d).

**A. Parties' Positions on Issues Raised by Local Civil Rule 16.3(c)**

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

- Plaintiffs' Position: The Court has already denied Giuliani's motion to dismiss, and the case is not likely to be disposed of by dispositive motion. Discovery should not be delayed.

- <u>Defendant's Position</u>:  There are no pending dispositive motions that would delay discovery; however, Defendant believes that the case can and will be decided on dispositive motion (either judgment on the pleadings or summary judgment).

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

- <u>Plaintiffs' Position</u>: Plaintiffs propose February 1, 2022, as the deadline for joining parties or amending the pleadings. Defendant's proposed date of December 1, 2021, is too soon. At a minimum, the date should extend to January 22, 2022, one year after the latest defamatory statement alleged in Plaintiffs' Complaint, and after Plaintiffs are afforded document discovery that could reveal claims or parties that should be added. Plaintiffs reserve all rights to seek to add parties or amend the pleadings as Plaintiffs' ongoing investigation into factual issues related to this case unfolds.

- <u>Defendant's Position</u>: Defendant proposes December 1, 2021 as the deadline for joining parties or amending the pleadings.  Any alleged libelous statement made by Defendant (or related third parties) of and concerning Plaintiffs would be approximately one-year old by that date, which is the date of the applicable statute of limitations for libel.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that this case should not be assigned to a magistrate judge.

**(4) Whether there is a realistic possibility of settling the case.**

- <u>Plaintiffs' Position:</u> Plaintiffs are always willing to entertain reasonable offers of settlement.

- Defendant's Position:  Defendant does not believe settlement is likely or that even meaningful discussion can take place until after Defendant files a dispositive motion on the merits.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties agree that the case would not benefit from the Court's alternative dispute resolution procedures at this time.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

- Plaintiffs' Position: This case cannot be resolved by motion to dismiss, which the Court has already denied, and the case is highly unlikely to be resolved at summary judgment. This case is related to other matters pending before this Court, namely *US Dominion Inc. et al. v. Powell et al.*, No. 1:21-cv-00040-CJN, and *US Dominion Inc. et al. v. MyPillow et al.*, No. 1:21-cv-00445-CJN. In the interest of judicial economy and minimizing the burden on third parties, Plaintiffs suggest consolidating discovery among these matters and entering a uniform Scheduling Order for all three matters through Motions for Summary Judgment. If the Court agrees, Plaintiffs suggest deferring entering a Scheduling Order (including setting deadlines for dispositive motions) until all parties (including defendants in the related cases) have been able to meet and confer to attempt to agree to a joint Scheduling Order.  Plaintiffs have reached out to counsel for defendants in the related matters and are in the process of setting up an initial meet and confer that includes all parties in the related cases. Because Plaintiffs contend discovery should be coordinated among these cases and because the parties have not yet been able to confer with counsel

3

for defendants in the related matters, Plaintiffs believe it is premature to discuss dates for the close of discovery or the issue of bifurcation, as Defendant suggests. Plaintiffs suggest revisiting these issues once the parties have met and conferred with the defendants in the related matters.

- Defendant's Position:  Defendant believes that this case can be disposed of by a motion for summary judgment and/or motion for judgment on the pleadings.  Defendant proposes a bifurcated Phase I and Phase II for this case, focusing first on liability issues and, if a dispositive motion on those issues is denied, then the parties shall conduct discovery Phase II damages/causation issues, followed by an additional dispositive motion on those issues. Defendant proposes concluding Phase I discovery by May 2, 2022 and filing Phase I dispositive motions by June 17, 2022.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree to exchange initial disclosures on October 1, 2021.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

- Plaintiffs' Positions:
    - **Anticipated extent of discovery:** Plaintiffs intend to seek discovery related to Plaintiffs' claims and Giuliani's defenses, including discovery regarding Giuliani's defamatory statements; Giuliani's appearances on various news networks, radio stations, and podcasts to make defamatory statements; and Giuliani's knowledge of the falsity of those statements and reckless disregard of the truth. This will include document discovery and depositions of Giuliani as well as numerous relevant third

parties (some of whom are also defendants in cases before this Court and before the Delaware Superior Court).

- **How long discovery should take:** Plaintiffs suggest deferring entering a Scheduling Order (including setting deadlines for discovery) until all parties (including defendants in the related cases) have been able to meet and confer to attempt to agree to a joint Scheduling Order.  As described above, Plaintiffs are actively working to schedule meet-and-confers with the defendants in the related cases.

- **On whether a protective order is appropriate:** Plaintiffs will agree to a limited protective order.

- **Date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions:** Plaintiffs suggest deferring entering a Scheduling Order (including setting deadlines for discovery) until all parties (including defendants in the related cases) have been able to meet and confer to attempt to agree to a joint Scheduling Order.  As described above, Plaintiffs are actively working to schedule meet-and-confers with the defendants in the related cases.

- Defendant's Positions:

    - **Anticipated extent of discovery:** Plaintiffs intend to conduct Phase I discovery on the following topics, reserving the right to expand these topics, depending on discovery and third-party developments:  (1)  Discovery from third parties who, in whole or in part, provided Defendant with information related to alleged defamatory statements; (2)  Discovery from third parties and/or Plaintiffs who may be in possession of documents that substantiate the information in category 1;  (3)  Discovery from third parties and/or Plaintiffs as to the ownership/organizational structure of Plaintiffs;  (4)

>    Discovery from third parties and/or Plaintiffs as to the relationship between Plaintiffs and Smartmatic (or any affiliated entities) including, but not limited to, the acquisition of any Smartmatic-related entities by Plaintiffs or software/technology agreements between Plaintiffs and Smartmatic; (5) Potential expert witness discovery on item No. 1 issues.  Should the case progress to Phase II, Defendant intends to conduct discovery (including potential expert discovery) on Plaintiffs' claims of damages, the amount of those damages, and any alleged causal nexus between Defendant's conduct and Plaintiffs' alleged damages.
>
> - **How long discovery should take:**  Defendant believes Phase I discovery can occur and be completed by May 2, 2022.  If necessary, Defendant believes Phase II discovery can be completed within 9 months of the Court's denial of a Phase I dispositive motion.
>
> - **On whether a protective order is appropriate:** Defendant will consider agreeing to a limited protective order.
>
> - **Date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions:** Defendant believes Phase I discovery can occur and be completed by May 2, 2022.  If necessary, Defendant believes Phase II discovery can be completed within 9 months of the Court's denial of a Phase I dispositive motion.

**(9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

- Plaintiffs' Position: Plaintiffs are willing to agree to a reasonable ESI search and production protocol. However, Giuliani claims that he has no access to any electronic documents, files, or communications, including back-up files or files stored in the Cloud, from before April 2021 because those files have all been seized by the FBI, and Giuliani failed to maintain

copies of any of them. Plaintiffs have asked Giuliani's counsel to provide one or more affidavits confirming precisely what happened to Giuliani's electronic records, and what access, if any, he has to any copies of those records. Plaintiffs will at minimum need Giuliani's cooperation in trying to obtain, from the Government or elsewhere, copies of any documents as to which Giuliani no longer has possession, custody or control.

- Defendant's Position:  Defendant's electronic devices, hard drives, and cloud-based back-up were seized by the FBI pursuant to a federal investigation in April of 2021.  Defendant will respond to discovery requests regarding the nature and extent of electronic files taken.  Defendant is unaware as to when/if those electronic files will be returned and/or accessible to Defendant.

**(10) Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

- Plaintiffs' Position: Plaintiffs suggest that the parties confer on the manner and timing for asserting a privilege claim, including in the cases of inadvertent disclosure under Federal Rule of Evidence 502. Plaintiffs also suggest that any agreement reached be included in any protective order the Court enters.

- Defendant's Position: Defendant agrees with Plaintiff's position.

**(11) Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

- Plaintiffs' Position: Plaintiffs do not wish to modify the requirement of exchange of expert witness reports.  As for timing of expert reports and depositions, Plaintiffs suggest deferring entering a Scheduling Order (including setting deadlines for expert discovery) until all parties (including defendants in the related cases) have been able to meet and

confer to attempt to agree to a joint Scheduling Order. As described above, Plaintiffs are actively working to schedule meet-and-confers with the defendants in the related cases.

- Defendant's Position: Defendant believes expert disclosure requirements should be modified in accordance with Defendant's proposed Phase I/II bifurcated discovery plan. Plaintiffs' experts should be disclosed within 60 days prior to the completion of discovery and Defendant's experts disclosed within 30 days prior to the completion of discovery.

**(12) In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The parties agree this is not applicable.

**(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

- Plaintiffs' Position: Plaintiffs do not support bifurcation of trial. Plaintiffs suggest deferring any decisions on potential bifurcation or phasing of discovery until all parties (including defendants in the related cases) have been able to meet and confer to attempt to agree to a joint Scheduling Order. As described above, Plaintiffs are actively working to schedule meet-and-confers with the defendants in the related cases.

- Defendant's Position: Defendant believes discovery should be bifurcated into Phase I/II liability and damages issues as outlined above.

**(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

- Plaintiffs' Position: Plaintiffs suggest deferring entering a Scheduling Order (including setting the date for the pretrial conference) until all parties (including defendants in the related cases) have been able to meet and confer to attempt to agree to a joint Scheduling

- Order.  As described above, Plaintiffs are actively working to schedule meet-and-confers with the defendants in the related cases.

- Defendant's Position: Defendant believes the Court should not set a pre-trial conference but should instead set a date for hearing Phase I dispositive motions in the Summer of 2022.

**(15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

- Plaintiffs' Position: Plaintiffs suggest deferring the question of setting a firm trial date until all parties (including defendants in the related cases) have been able to meet and confer to attempt to agree to a joint Scheduling Order.  As described above, Plaintiffs are actively working to schedule meet-and-confers with the defendants in the related cases.

- Defendant's Position:  Defendant believes the Court should not set a firm trial date, but should instead set a date for hearing Phase I dispositive motions in the Summer of 2022.

**(16) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

- Plaintiffs' Position: Plaintiffs suggest deferring entering a Scheduling Order until all parties (including defendants in the related cases) have been able to meet and confer to attempt to agree to a joint Scheduling Order.  As described above, Plaintiffs are actively working to schedule meet-and-confers with the defendants in the related cases.

- Defendant's Position:  Defendant believes that the case should be bifurcated as per above. Defendant does not oppose consolidated discovery between this case and related cases provided that it does not interfere with Defendant's proposed bifurcated plan.

B. **Parties' Positions as to a Proposed Scheduling Order Under Local Civil Rule 16.3(d)**

- Plaintiffs' Position: As explained above, Plaintiffs suggest deferring entering a Scheduling Order until all parties (including defendants in the related cases) have been able to meet and confer to attempt to agree to a joint Scheduling Order.

- Defendant's Position: Defendant believes Phase I discovery can occur and be completed by May 2, 2022.  If necessary, Defendant believes Phase II discovery can be completed within 9 months of the Court's denial of a Phase I dispositive motion.

Dated: September 17, 2021                    BY:

/s/ *Joseph D. Sibley*
Joseph D. Sibley IV
CAMARA & SIBLEY L.L.P.
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701
Telephone: (713) 966-6789
Fax: (713) 583-1131
sibley@camarasibley.com
*Attorney for Defendant*

/s/ *Justin A. Nelson*
Justin A. Nelson
Brittany Fowler
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
bfowler@susmangodfrey.com

Stephen Shackelford, Jr.
Elisha Barron
SUSMAN GODFREY LLP
1301 6th Avenue
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com

Stephen E. Morrissey
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101
(206) 516-3880
smorrissey@susmangodfrey.com

Thomas A. Clare, P.C.
Megan L. Meier
Dustin A. Pusch
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
(202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla
4601 Concord Pike
Wilmington, DE 19803
(864) 373-3882
rodsmolla@gmail.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

>/s/ *Justin A. Nelson*
>Justin A. Nelson