**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>    *Plaintiffs/Counter-Defendants*,<br><br>    v.<br><br>SIDNEY POWELL, SIDNEY POWELL, P.C., and DEFENDING THE REPUBLIC, INC.,<br><br>    *Defendants/Counter-Plaintiffs*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Case No. 1:21-cv-00040 (CJN) |
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>RUDOLPH W. GIULIANI,<br><br>    *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Case No. 1:21-cv-00213 (CJN) |
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>    *Plaintiffs/Counter-Defendants*,<br><br>    v.<br><br>MY PILLOW, INC., and MICHAEL J. LINDELL,<br><br>    *Defendants/Counter- and Third- Party Plaintiffs*,<br><br>    v. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Case No. 1:21-cv-00445 (CJN) |

| | |
|---|---|
| SMARTMATIC USA CORP., | ) |
| SMARTMATIC INTERNATIONAL | ) |
| HOLDING B.V., SGO CORPORATION | ) |
| LIMITED, and HAMILTON PLACE | ) |
| STRATEGIES, LLC, | ) |
| | ) |
| *Third-Party Defendants.* | ) |

## JOINT MEET AND CONFER REPORT
## UNDER LOCAL CIVIL RULE 16.3

This Meet and Confer Report ("Rule 16 Report") is submitted pursuant to Federal Rule of

Civil Procedure 26(f), Local Rule 16.3(c), and the Court's November 15, 2021 Order requiring all

parties to the above-styled cases to "participate in discussions about a consolidated discovery

schedule." Order (ECF No. 85). It is submitted on behalf of Plaintiffs U.S. Dominion Inc.,

Dominion Voting Systems Inc., and Dominion Voting Systems Corporation (collectively,

"Plaintiffs"); Defendants Rudolph Giuliani, Sidney Powell, Sidney Powell, P.C., and Defending

the Republic, Inc. (collectively, "Defendants"); Third-Party Defendant Hamilton Place Strategies,

LLC ("HPS"); and Third-Party Defendants Smartmatic USA Corp., Smartmatic International

Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic"). HPS and Smartmatic

are also referred to herein collectively as "Third-Party Defendants."[1] My Pillow, Inc.

("MyPillow") and Michael J. Lindell ("Lindell") are not joining the Rule 16 Report. Plaintiffs,

Defendants, and Third-Party Defendants are therefore collectively referred to as "the Submitting

---

[1] In its order, this Court also ordered My Pillow, Inc. and Michael J. Lindell to dismiss separate, previously filed lawsuits against Dominion and Smartmatic and refile their claims in 1:21-cv-00445-CJN as counterclaims. *See US Dominion, et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445, Order at ¶ 2 (ECF No. 85). Lindell and MyPillow dismissed their separate claims and filed counterclaims. *See US Dominion, et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445 (ECF Nos. 87, 90). Lindell added HPS and Smartmatic as third-party defendants. *See US Dominion, et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445 (ECF No. 87). HPS and Smartmatic thereafter participated in the discussions of the Court ordered schedule, as reflected herein.

Parties," and the Submitting Parties, MyPillow, and Lindell are collectively referred to as "the Parties."

As required by the Court's order, the Parties in the above-styled three cases—*US Dominion, et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445 (CJN), *US Dominion, Inc., et al. v. Powell, et al.*, No. 1:210-cv-000040 (CJN); and *US Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-00213 (CJN) (the "Related Cases")—met and conferred telephonically on November 24, 2021, December 30, 2021, and January 6, 2022, and by email between and after those dates. The Parties have been exchanging draft Rule 16 reports since December 23, 2021. The Submitting Parties' positions on the issues identified in Local Civil Rule 16.3(c) are outlined below. At the end of this Rule 16 Report, the Submitting Parties provide their respective views on a proposed scheduling order under Local Civil Rule 16.3(d). Despite good faith efforts to do so, the Parties to the Related Cases were unable to agree to a scheduling order.

**<u>Plaintiffs' Position Regarding the Joint Meet and Confer Report</u>:**

On August 11, 2021, this Court denied Defendants' motions to dismiss. On November 15, 2021, this Court ordered the Parties to participate in "discussions about a consolidated discovery schedule." Although Lindell and MyPillow met and conferred with the Submitting Parties over Zoom and by email, on January 5, 2022, they provided a separate report for their clients in response to the draft report that had been circulated. During a call between the Parties on January 6, 2022, they informed the rest of the Parties that they refused to join this Rule 16 Report. Originally, Lindell and MyPillow asserted that their decision is based on their pending appeal, which makes their claims so procedurally dissimilar from those against Giuliani and Powell that a separate report is necessary. Plaintiffs objected to that assertion and noted that the local rules and the Court order appear to require multiple parties to file a single report, and that Lindell and MyPillow are

obviously free to insert their positions into that report. *See* LCvR 16.3 ("The report shall be submitted jointly, but the parties may submit alternative proposed orders that reflect any disagreements."). However, because Lindell and MyPillow insisted on a separate report, Plaintiffs agreed on January 10, 2022, to join one report with Powell and Giuliani and another with Lindell and MyPillow.

Plaintiffs thereafter worked with the Parties to convert the single report into two reports, and drafts were exchanged. By January 13, 2022, Plaintiffs, Powell, and Giuliani were preparing to file their final report when Plaintiffs received from Lindell and MyPillow a revised draft of the second report. Their revised draft eliminated all references to Federal Rule of Civil Procedure Rule 26(f) and Local Civil Rule 16.3(c); their position was that the Court's order only required them "to participate in discussions about a consolidated discovery schedule," not to hold a Rule 16 conference or actually negotiate a schedule. Lindell and MyPillow sent the draft with their revised language on January 13, 2022, the day following service of Plaintiffs' First Set of Document Requests to Defendants on January 12, 2022. According to Lindell and MyPillow, as long as the Parties' discussions were not a Rule 16 conference, Plaintiffs' document requests were premature.

Lindell and MyPillow's change in position on whether the Court ordered and the Parties engaged in a Rule 16 conference presumably reflects their effort to avoid responding to requests for production Plaintiffs served the day before. These requests were permitted under both Rule 34(b) and Rule 26(d)(2) and regardless of whether the Parties' have held a Rule 16 Conference and regardless of whether this is a Rule 16 Report. But instead of continuing to negotiate language with Lindell and MyPillow, and in order to avoid further delay of filing of this Rule 16 Report,

Plaintiffs reverted to joining a single Rule 16 Report, this one, for all Related Cases. As set forth herein, Plaintiffs propose a consolidated schedule for discovery in all cases.[2]

Plaintiffs are in favor of consolidated discovery in all Related Cases in order to avoid unnecessarily repetitious depositions and document discovery, at a minimum. However, Lindell and MyPillow's position is that they will refuse to participate in consolidated discovery unless and until they have fully exhausted their appeal of the Court's denial of their Motions to Dismiss. Most recently, they informed the parties to the Related Cases that if this Court orders Lindell and MyPillow to participate in discovery before their appeal is fully resolved, they will also appeal that order. They earlier indicated the same is true if the D.C. Circuit grants Plaintiffs' motion to dismiss. Lindell and MyPillow also said they are seriously taking appeals from both orders all the way to the United States Supreme Court, if need be.

On January 20, 2022, the D.C. Circuit granted Plaintiffs' motion to dismiss Lindell and MyPillow's appeals. In light of the D.C. Circuit's decision, Plaintiffs again renewed their request to Lindell and MyPillow to join this Rule 16 Report. Lindell and MyPillow responded on January 24 that they prefer to file a separate report. The Submitting Parties have therefore proceeded with this filing.

If Lindell and MyPillow pursue their previously indicated course of action and continue to argue that discovery as to them is improper in the meantime, Plaintiffs will seek third-party discovery from them now in connection with the *Powell* and *Giuliani* cases. Plaintiffs will also

---

[2] As set forth above, Lindell sued HPS as a third-party defendant in *US Dominion, et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445 (CJN) on December 1, 2021. HPS will be moving to dismiss Lindell's complaint on January 31. Notwithstanding the fact that HPS was not a party to the litigation when the Court issued its November 15 Order, and that its deadline to file a response has not passed, HPS joins this Rule 16 Report and joins Plaintiffs' request for a consolidated schedule in all Related Cases.

seek party discovery once the case against Lindell and MyPillow is permitted to move forward, since discovery of a party is broader than discovery of a third-party.

Plaintiffs understand that Lindell and MyPillow will assert, again in their separate filing, a position they have taken with this Court many times: that their appeal of the Court's denial of their Motions to Dismiss makes coordination or consolidation of the Related Cases for discovery inappropriate and premature. Lindell and MyPillow appealed this Court's denial of their Motions to Dismiss to the D.C. Circuit under the collateral order doctrine. The D.C. Circuit has now summarily dismissed their appeal because this Court's denial of their Motions to Dismiss "does not qualify for immediate review under the collateral order doctrine." And as Plaintiffs previously explained, for the collateral order doctrine to apply, the challenged order must be completely separate from the underlying merits. That is not the case here; therefore, as the D.C. Circuit has concluded, the collateral order does not apply, and Lindell's and MyPillow's appeal is improper. *See United States v. DeFries*, 129 F.3d 1293, 1303 (D.C. Cir. 1997) (the district court retains jurisdiction when a party "takes an interlocutory appeal from a non-appealable order"). Even if the collateral order doctrine did apply, however, the Court has jurisdiction to move the case forward. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 42 F. Supp. 3d 556, 558 (S.D.N.Y. 2014) ("Generally, when an appeal is taken pursuant to the collateral order doctrine, district courts retain their jurisdiction to proceed with trial pending resolution from the court above."). Thus, under either scenario, Lindell and MyPillow should be participating in discovery without regard to their appeal, especially now that the D.C. Circuit has dismissed the appeal. *See City of New York v. Beretta U.S.A. Corp.*, 234 F.R.D. 46, 50 (E.D.N.Y. 2006) ("Absent an order of the trial court or the court of appeals staying proceedings, the district court has continuing authority to proceed with the litigation."). And while Lindell and MyPillow argue that they are appealing an "immunity from

suit," they did not actually plead "immunity" (just analogized their situation to immunity cases), and no court has ever recognized an immunity, much less an immunity from suit, under *New York Times v. Sullivan*, 376 U.S. 254 (1964). *See Segni v. Com. Off. of Spain*, 816 F.2d 344, 346 (7th Cir. 1987) (Posner, J.) ("It's quite a leap, though, to say that anytime a motion to dismiss on First Amendment grounds is denied, the defendant can appeal the denial, on the theory that the failure to dismiss the suit at the earliest opportunity is itself an infringement of the defendant's First Amendment rights."); *Davis v. Schuchat*, 510 F.2d 731, 733–34 (D.C. Cir. 1975) (rejecting appellant's "proposed new theory" that "the First Amendment mandates a complete immunity from liability for a slander made to a limited number of people by a reporter in the ordinary course of his preparations for a news story on a subject of general or public interest").

On the subject of discovery, this Court should note that Lindell and MyPillow recently filed counterclaims against Plaintiffs, and Lindell added HPS as a third-party defendant. Plaintiffs and HPS will move to dismiss those claims on January 31, 2022. If those claims survive in any form, Lindell and MyPillow must engage in discovery on all relevant issues their counterclaims and Plaintiffs' affirmative claims raise against them.

In the most recent draft of the abandoned Joint Meet and Confer Report in the *Lindell/MyPillow* case, Lindell and MyPillow put forward their own description of the parties' meet-and-confer process. Plaintiffs disagree with the description, but it is irrelevant. The parties have met and conferred, as required by Rule 26(f) and Local Rule 16.3(c), and the Parties have submitted two proposed schedules. Plaintiffs, HPS, Powell, Powell P.C., Defending the Republic, Giuliani, and Smartmatic were able to coordinate to produce this Rule 16 Report. As noted, Lindell and MyPillow claimed that they will file their own report, with some other name.

In the following sections, Plaintiffs and HPS propose deadlines as required by Federal Rule of Civil Procedure 26. All the proposed deadlines are the same for all defendants, including Lindell/MyPillow. Lindell and MyPillow may propose deadlines for their case in their separately filed meet and confer report, all of which are different from (and later than) the dates Plaintiffs and HPS propose. As articulated by Lindell and MyPillow during discussions on consolidation, their proposed dates assume their appeals to the D.C. Circuit are fully resolved at least 30 days before their first proposed deadline. Even though the D.C. Circuit granted Plaintiffs' motion to dismiss their appeal on January 20, 2022, given that Lindell and MyPillow earlier indicated they plan to appeal that decision, the deadlines they are expected to propose are already stale (and therefore meaningless, as a practical matter).

**Smartmatic's Position Regarding the Joint Meet and Confer Report:** Smartmatic joins in this Meet and Confer Report because it is a third-party defendant in Case No. 21-cv-00445. Smartmatic's motion to dismiss Lindell's third-party claims is fully briefed and pending before the Court. (*See US Dominion, et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445, ECF Nos. 94-1, 104, and 107.)

A. **Parties' Positions on Issues Raised by Local Civil Rule 16.3(c)**

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the Parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Plaintiffs and HPS's Position on all Related Cases: The Court has denied the defendants' motions to dismiss in full. *See Powell* ECF No. 44; *Giuliani* ECF No. 35; *MyPillow and Lindell* ECF No. 54.[3] Lindell and MyPillow appealed the denial of their motions to dismiss. *MyPillow*

---

[3] "*Powell* ECF" refers to the docket in *US Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-40 (CJN); "*Giuliani* ECF" refers to the docket in *US Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-213 (CJN); "*MyPillow and Lindell* ECF" refers to the docket in *US Dominion, et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445 (CJN).

*and Lindell* ECF Nos. 64, 66. In the D.C. Circuit, Plaintiffs moved to dismiss Lindell's appeal for lack of appellate jurisdiction. *See* US Dominion, Inc.'s Motion to Dismiss for Lack of Jurisdiction, *US Dominion, Inc., et al. v. My Pillow, Inc., et al.*, No. 21-7103 (D.C. Cir. appeal docketed Sept. 15, 2021). On January 20, 2022, the D.C. Circuit granted Plaintiffs' motion and dismissed Lindell and MyPillow's appeal.

Powell and Giuliani did not appeal this Court's denial of their motions to dismiss. None of the consolidated cases are likely to be disposed of by dispositive motions. Discovery should proceed without delay.

<u>Defendants' Position</u>: Powell and Giuliani believe Dominion's cases against them will be disposed of through summary judgment.

<u>Smartmatic's Position</u>: Lindell's third-party claims against Smartmatic are likely to be disposed of by the dispositive motion pending before this Court. On December 8, 2021, Smartmatic filed its motion to dismiss the third-party claims. (*MyPillow and Lindell* ECF No. 94.) Briefing on that motion to dismiss was complete as of January 7, 2022. (*See* ECF Nos. 94-1, 104, and 107.) At this time, Smartmatic has not answered Lindell's third-party complaint. As such, this Court's Local Rules indicate that it would be premature to subject Smartmatic to the discovery process on those claims. (*See* LCvR 16.3(b), Exempted Cases.) Smartmatic recommends to the Court that discovery or other matters relating to Smartmatic should await a decision on the motion to dismiss.

**(2) The date by which any other Parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

<u>Plaintiffs' and HPS's Position</u>: Plaintiffs do not currently foresee the need to amend the pleadings or add other Parties. Plaintiffs reserve all rights to seek to add Parties or amend the

pleadings as provided under the Federal Rules of Civil Procedure as Plaintiffs' ongoing investigation into factual issues related to these cases unfolds.

<u>Defendants' Position</u>: Powell and Giuliani do not see the need to amend the pleadings or add other Parties at this time, and reserve their rights to amend or add Parties at a future date as discovery unfolds.

<u>Smartmatic's Position</u>: Smartmatic incorporates by reference its response to A.(1), *supra*.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

<u>Pursuant to Local Rule 16.3(d), "the parties' report shall not indicate their respective positions on assignment to a magistrate judge unless all parties agree to such assignment." Because all parties do not agree to such assignment, this report shall not indicate the Submitting Parties' respective positions.</u>

**(4) Whether there is a realistic possibility of settling the case.**

<u>Plaintiffs' and HPS's Position:</u> Given the devastating harm to Plaintiffs, the lack of remorse shown by Defendants, and the fact that many of them continue to double down on their lies, Plaintiffs do not believe any realistic possibility of settlement exists. HPS agrees.

<u>Defendants' Position</u>: Powell and Giuliani are open to settlement discussions once discovery is complete and Dominion realizes that its claims are without merit and that it has no damages legally attributable to Powell and Giuliani. Powell and Giuliani have nothing to show remorse for and dispute that they have lied about anything.

<u>Smartmatic's Position</u>: Smartmatic incorporates by reference its response to A.(1), *supra*.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Plaintiffs' and HPS's Position: These cases would not benefit from the Court's alternative dispute resolution procedures at this time.

Defendants' Position: Powell and Giuliani do not believe ADR is appropriate at this time in connection with Dominion's claims. Once Dominion's claims are dismissed, ADR mediation may be appropriate in connection with Powell's counterclaim.

Smartmatic's Position: The third-party claims brought against Smartmatic by Lindell would not benefit from the Court's alternative dispute resolution procedures at this time.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiffs' and HPS's Position: This Court has already denied defendants' motions to dismiss. Plaintiffs' claims are highly unlikely to be fully resolved at summary judgment. Plaintiffs propose the following briefing schedule for the Parties' motions for summary judgment:

- Deadline to File Dispositive Motions: March 13, 2023

- Deadline to File Oppositions to Dispositive Motions: April 17, 2023

- Deadline to File Replies in Support of Dispositive Motions: May 8, 2023

Plaintiffs believe Powell's counterclaims can and should be resolved by motion to dismiss. Plaintiffs filed their motion to dismiss Powell's counterclaims on November 15, 2021; Powell opposed the motion to dismiss on December 15, 2021; and Plaintiffs' reply in support of their motion to dismiss was filed on January 18, 2022.

Plaintiffs and HPS believe Lindell's and MyPillow's counterclaims against Plaintiffs and Lindell's third-party claim against HPS can and should be resolved by motion to dismiss.

Plaintiffs' and HPS's motions to dismiss Lindell's and MyPillow's counterclaims and third-party claims are due on January 31, 2022; Lindell's and MyPillow's oppositions are due on March 11, 2022; and Plaintiffs' and HPS's replies in support of their motions to dismiss are due on April 1, 2022. To the extent the Lindell/MyPillow counterclaims and third-party claim are not dismissed, the above dispositive motion briefing schedule should apply equally to dispositive motions on those claims.

Defendants' Position: Powell and Giuliani believe they will be able to resolve Dominion's case on summary judgment.  Powell will likely have to go to trial on its counterclaim as damages will be contested.

Powell and Giuliani's suggested dates for dispositive motions are set forth in its proposed schedule attached below.

Smartmatic's Position: Smartmatic incorporates by reference its response to A.(1), *supra*.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Plaintiffs', Defendants', and HPS's Position: Plaintiffs, HPS, and Defendants agree to exchange initial disclosures on February 25, 2022.

Smartmatic's Position: Smartmatic incorporates by reference its response to A.(1), *supra*.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Plaintiffs' and HPS's Positions:

- **Anticipated extent of discovery and limits on discovery:** Plaintiffs intend to seek discovery related to Plaintiffs' claims and defendants' defenses, including discovery regarding defendants' defamatory statements and the circumstances surrounding them; defendants'

appearances on various news networks, radio stations, podcasts, and other media sources in which they spread defamatory statements; and defendants' knowledge of the falsity of their statements and reckless disregard of the truth. This will include document and other written discovery, depositions of defendants, and discovery from many third parties (some of whom are also defendants in cases before this Court and before the Delaware Superior Court). Plaintiffs do not propose any limits on discovery beyond those in the Rules of Civil Procedure. To the extent Lindell's third-party claims against HPS survive HPS's motion to dismiss, HPS intends to seek discovery related to Lindell's claims and HPS's defenses. This will include document and other written discovery, depositions of Lindell, and discovery from third parties. HPS also does not propose any limits on discovery beyond those in the Rules of Civil Procedure.

- **How long discovery should take:** In the Plaintiffs' and HPS's attached Proposed Scheduling Order, Plaintiffs and HPS suggest a deadline of September 29, 2022 for fact discovery and a deadline of February 13, 2023 for the completion of expert discovery. Eight months of fact discovery from the date of submission of this report, followed by four and a half months of expert discovery, is more than sufficient for the coordinated cases, given the overlapping issues they raise. Moreover, the coordination of discovery in these cases will significantly decrease the ability of any party to resist participating in third party discovery for the other cases.

- **On whether a protective order is appropriate:** Plaintiffs and HPS will agree to an appropriate protective order.

- **Date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions:** As set forth above, Plaintiffs and HPS propose a fact discovery cutoff of September 29, 2022. Plaintiffs and HPS propose a deadline for serving document requests of August 29, 2022 and propose that other written discovery continue

to the end of fact discovery. Plaintiffs and HPS propose an expert fact discovery cutoff of February 13, 2023.

Defendants' Position: Powell and Giuliani believe that fact discovery will take about a year after initial documents are exchanged as set forth in their proposed schedule. Discovery will include investigation into Dominion's voting equipment and software, its deliberate misinformation to state and federal authorities that its voting systems are stand-alone and are not connected to the internet and not subject to remote infiltration or connection. Indeed, the machines have built-in modems, are connected to the internet, and can be accessed remotely, as both Dominion's user manuals and patents expressly provide.  Powell and Giuliani will investigate Dominion's contracts with state and municipal election boards to demonstrate that it has no damages case whatsoever and that since the 2020 election it has gained contracts with multiple states and municipalities.  Discovery will determine whether Dominion is owned, whether directly or indirectly, by foreign investors or state actors.  Powell may conduct discovery, including third-party and non-party investigation as to whether Dominion's voting equipment was manipulated during the 2020 or other elections through malware or other manipulation of its voting equipment or voting data.  The investigation may seek to determine the role Dominion plays in not merely selling election voting equipment, but in running and managing state and federal elections through on-site personnel who are the only persons who have the ability to access the voting machine's audit logs, thereby rendering state and federal audits meaningless and in violation of state and federal law.  Powell and Giuliani will also conduct discovery on Plaintiffs' reputations as of the time of the alleged defamatory statements; and the factual circumstances surrounding what information was available to Giuliani/Powell that framed their states of mind at the time the alleged defamatory statements were made.

14

Powell's discovery will also seek information concerning its counterclaim which will include Dominion's cease and desist letters to over 150 persons allegedly accused of defaming Dominion, the advice given by its outside advisers to bring frivolous litigation against Powell and others with outrageously high damages claims so as to further press coverage and public interest in its false narrative against Powell, thereby damaging Powell.

Smartmatic's Position: Smartmatic incorporates by reference its response to A.(1), *supra*.

**(9)  Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Plaintiffs' and HPS's Position: Plaintiffs and HPS are willing to agree to a reasonable ESI search and production protocol.

Giuliani claims that he has no access to any electronic documents, files, or communications, including back-up files or files stored in the Cloud, from before April 2021 because those files have all been seized by the FBI, and Giuliani failed to maintain copies of any of them. Plaintiffs have asked Giuliani's counsel to provide one or more affidavits confirming precisely what happened to Giuliani's electronic records, and what access, if any, he has to any copies of those records. To the extent Giuliani has not already done so, Plaintiffs will ask Giuliani to request copies for those documents from the FBI and, if necessary, cooperate with Plaintiffs to obtain, from the Government or elsewhere, copies of any documents over which Giuliani has relinquished possession, custody or control. If Giuliani does not agree to Plaintiffs' request, Plaintiffs will move the Court for an order requiring Giuliani to comply with it.

In their draft versions of these reports, MyPillow and Lindell expressed concern about spoliation of evidence and represented that they would be "bringing a motion on that issue." Their concern is without basis or support in fact. MyPillow and Lindell seek inappropriately to sensationalize filings, including filings concerning scheduling. Plaintiffs object to any suggestion

15

that it has engaged in spoliation and objects to any decision by MyPillow and Lindell to make that unfounded suggestion in their report. If Plaintiffs or HPS learn through discovery that MyPillow or Lindell has engaged in spoliation, they will raise those concerns with the Court at an appropriate time.

Defendants' Position: Powell and Giuliani are willing to work with Plaintiffs on reasonable search and production protocols.

However, Giuliani's position is that given that the FBI did not offer Giuliani the opportunity to make back-up copies of the electronic devices and/or cloud data it took possession of, Giuliani objects to Plaintiffs' suggestion that he "failed" to maintain copies of the documents. These electronic files/data are no longer under Giuliani's possession, custody, or control and he will respond to discovery requests regarding the surrounding circumstances should Plaintiff propound said discovery.  Giuliani will also, to the extent possible, attempt to obtain documents responsive to Dominion's requests from the current custodian.

Smartmatic's Position: Smartmatic incorporates by reference its response to A.(1), *supra*.

**(10) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Plaintiffs' and HPS's Position: Plaintiffs and HPS suggest that the Parties confer on the manner and timing for asserting a privilege claim, including in the case of inadvertent disclosure under Federal Rule of Evidence 502. Plaintiffs and HPS also suggest that any agreement reached be included in any protective order the Court enters.

Defendants' Position: Powell and Giuliani concur with Dominion's position on this matter.

Smartmatic's Position: Smartmatic incorporates by reference its response to A.(1), *supra*.

**(11) Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

Plaintiffs' and HPS's Position: Plaintiffs and HPS do not believe the Court or Parties should modify the requirement of exchange of expert witness reports. Proponents should designate experts and produce expert reports on October 31, 2022. Opponents should designate experts and produce rebuttal expert reports on December 5, 2022. Proponents should produce rebuttal reports by January 13, 2023. Expert depositions should occur after the Parties exchange expert reports and before February 13, 2023.

Defendants' Position: Powell and Giuliani do not believe the Court or Parties should modify the requirement for exchanges of expert witness reports. Powell and Giuliani agree that expert reports should be exchanged after the close of fact discovery and refer to their proposed schedule below for the timing of such discovery.

Smartmatic's Position: Smartmatic incorporates by reference its response to A.(1), *supra*.

**(12) In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Plaintiffs, Defendants, HPS, and Smartmatic agree this is not applicable.

**(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Plaintiffs' Position: Plaintiffs and HPS support consolidated discovery in the Related Cases to avoid unnecessarily repetitious depositions and document discovery, at a minimum. Plaintiffs and HPS do not propose bifurcation of discovery. Plaintiffs and HPS propose that fact discovery should precede expert discovery. Fact discovery should be completed by September 29, 2022, and expert discovery should be completed by January 30, 2023.

Plaintiffs and HPS do not support bifurcation of issues in any or all cases for trial.

Defendants' Position: Powell and Giuliani believe that discovery should proceed in a coordinated manner with all the Court's related cases thereby obviating the need to produce witnesses for multiple depositions in the various cases. At the close of discovery, Powell and Giuliani reserve the right to recommend bifurcation of the liability case if the evidence shows that Dominion is either a state actor and cannot bring a defamation claim; or if Dominion cannot show that Powell and Giuliani acted with malice as a matter of law or that Powell and Giuliani legally caused any damages. Powell and Giuliani's proposed dates for completion of discovery are set forth in the schedule supplied below.

Smartmatic's Position: Smartmatic incorporates by reference its response to A.(1), *supra*.

**(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Plaintiffs' and HPS's Position: Plaintiffs and HPS understand that the Court will schedule a pretrial conference at its convenience, following any rulings on dispositive motions. To the extent the Court wants a suggested date, Plaintiffs and HPS propose a time of the Court's choosing in early to mid-August 2023.

Defendants' Position: Powell and Giuliani suggest deferring this question until the Parties are further along with discovery.  However, they do not believe a pre-trial conference date should be any earlier than April 2024.

Smartmatic's Position: Smartmatic incorporates by reference its response to A.(1), *supra*.

**(15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Plaintiffs' Position: Plaintiffs propose that the Court defer the question of a trial date for these or any of the Related Cases until discovery has progressed.

Defendants' Position: Powell and Giuliani agree with Dominion's position on this matter.

Smartmatic's Position: Smartmatic incorporates by reference its response to A.(1), *supra*.

**(16) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Plaintiffs' Position: Two other related cases are pending before this Court: *US Dominion, Inc., et al. v. Herring Networks, Inc., et al.*, No. 1:21-cv-02130-CJN (D.D.C.) and *US Dominion, Inc., et al. v. Byrne*, No. 1:21-cv-02131-CJN (D.D.C.). The *Herring* defendants submitted their motion to dismiss on November 18, 2021; Plaintiffs filed their opposition to the motion on December 22, 2021; and the *Herring* defendants will reply in support of their motion to dismiss on January 13, 2022. Byrne submitted his motion to dismiss on November 17, 2021; Plaintiffs responded on December 15, 2021; and Byrne replied in support of his motion to dismiss on January 5, 2022.

Depending on when the Court resolves the *Herring* and *Byrne* motions, Plaintiffs believe coordinating discovery of the *Herring* and *Byrne* cases will likely be warranted, since much of the discovery in those cases will overlap discovery in the already coordinated cases. However, Plaintiffs do not believe that resolution of the *Herring* and *Byrne* motions to dismiss or any decision on coordination with those cases should hold up discovery in these cases.

Defendants' Position: Powell and Giuliani believe that discovery should be coordinated with all related cases assigned to this Court.

Smartmatic's Position: Smartmatic incorporates by reference its response to A.(1), *supra*.

**B. Parties' Positions as to a Proposed Scheduling Order Under Local Civil Rule 16.3(d)**

Plaintiffs' Position: Plaintiffs and HPS are submitting a proposed scheduling order under Local Civil Rule 16.3(d). The proposed order contains the following dates:

1.    Deadline to Exchange Initial Disclosures under Fed. R. Civ. P. 26(a)(1): **February 25, 2022**

19

2.      Deadline to Join Additional Parties or Amend Pleadings: **N/A**

3.      Deadline to Serve Document Requests under Fed. R. Civ. P. 34: **August 29, 2022**

4.      Deadline for Completion of Fact Discovery: **September 29, 2022**

5.      Deadline for Proponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **October 31, 2022**

6.      Deadline for Opponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **December 5, 2022**

7.      Deadline for Proponents to Produce Responsive Expert Reports: **January 13, 2023**

8.      Deadline for Expert Depositions: **February 13, 2023**

9.      Deadline to File Dispositive Motions: **March 13, 2023**

10.     Deadline to File Oppositions to Dispositive Motions: **April 17, 2023**

11.     Deadline to File Replies in Support of Dispositive Motions: **May 8, 2023**

Defendants' Position: Powell and Giuliani submit the following proposed schedule:

1.      Deadline to Exchange Initial Disclosures under Fed. R. Civ. P. 26(a)(1): **February 25, 2022**

2.      Deadline to Join Additional Parties or Amend Pleadings: **N/A**

3.      Deadline to Serve Document Requests under Fed. R. Civ. P. 34: **August 29, 2022**

4.      Deadline for Completion of Fact Discovery: **April 28, 2023**

5.      Deadline for Proponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **June 30, 2023**

6.      Deadline for Opponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **July 21, 2023**

7.      Deadline for Proponents to Produce Responsive Expert Reports: **August 31, 2023**

20

8.      Deadline for Expert Depositions: **October 31, 2023**

9.      Deadline to File Dispositive Motions: **December 15, 2023**

10.    Deadline to File Oppositions to Dispositive Motions: **January 15, 2024**

11.    Deadline to File Replies in Support of Dispositive Motions: **January 29, 2024**

<u>Smartmatic's Position</u>: Smartmatic incorporates by reference its response to A.(1), *supra*.


Dated: January 24, 2022                    Respectfully submitted,

***Counsel for US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation; and Hamilton Place Strategies, LLC***

<u>/s/ *Mary Kathryn Sammons*</u>
Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
Mary Kathryn Sammons (D.C. Bar No. TX0030)
Florence T. Chen (D.C. Bar No. TX0025)
Brittany Fowler (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
ksammons@susmangodfrey.com
fchen@susmangodfrey.com
bfowler@susmangodfrey.com

Stephen Shackelford, Jr.
(D.C. Bar No. NY0443*)*
Elisha Barron (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Fl
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
Jordan Rux (D.C. Bar No. CA 00135)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400

Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com
jrux@susmangodfrey.com

Stephen E. Morrissey (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA  98101
(206) 516-3880
smorrissey@susmangodfrey.com

Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
4601 Concord Pike
Wilmington, DE 19803
rodsmolla@gmail.com
(864) 373-3882


***Counsel for Sidney Powell and Sidney Powell, P.C.***

/s/ *Howard Kleinhendler, by permission*
Howard Kleinhendler
N.Y. Bar No. 2657120, admitted *pro hac vice*
HOWARD KLEINHENDLER ESQUIRE
369 Lexington Ave. 12th Floor
New York, New York 10017
Tel: (917) 793-1188
howard@kleinhendler.com


***Counsel for Defending the Republic, Inc.***

/s/ *Lawrence J. Joseph, by permission*
Lawrence J. Joseph

D.C. Bar No. 464777
LAW OFFICE OF LAWRENCE J. JOSEPH
1250 Connecticut Av NW Suite 700-1A
Washington, DC 20036
Tel: (202) 355-9452
Fax: (202) 318-2254
ljoseph@larryjoseph.com


*Counsel for Rudolph W. Giuliani*

/s/ *Joseph D. Sibley IV, by permission*
Joseph D. Sibley IV
DC Bar ID: TX0202
CAMARA & SIBLEY L.L.P.
1108 Lavaca St., Ste 110263
Austin, TX 78701
Tel: (713) 966-6789
Fax: (713) 583-1131
sibley@camarasibley.com


*Counsel for Third-Party Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

/s/ *Martin V. Sinclair, Jr., by permission*
J. Erik Connolly
    D.C. Bar No. IL0099
    econnolly@beneschlaw.com
Nicole E. Wrigley
    D.C. Bar No. IL0101
    nwrigley@beneschlaw.com
Martin V. Sinclair, Jr.
    D.C. Bar No. IL0097
    msinclair@beneschlaw.com

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone:  (312) 212-4949

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the Parties.

*/s/ Mary Kathryn Sammons*
Mary Kathryn Sammons