IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.,*<br><br>　　Plaintiffs,<br><br>　　v.<br><br>HERRING NETWORKS, INC., et al.,<br><br>　　Defendants. | No. 1:21-cv-02130-CJN<br><br>Judge Carl J. Nichols |

**DOMINION'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS, STAY, OR TRANSFER**

The Colorado court's detailed order denying OAN and Chanel Rion's ("OAN-Rion") anti-SLAPP motion to dismiss underscores that Defendants' Motion to Dismiss, Stay, or Transfer this action should be denied. The Order confirms that this action and Eric Coomer's action are not "substantially similar" as required to apply *Colorado River* abstention because—in addition to featuring different parties—the *Coomer* action centers on the supposed "Antifa conference call" fabricated by Joe Oltmann and omits the many additional defamatory statements alleged by Dominion. The Order highlights that convenience considerations do not support transfer because Defendants' conduct was coordinated with that of other individuals against whom Dominion has cases pending before this Court, and because—as the Colorado court stated—there is a clear impact made by the alleged defamatory statements in this District. And the Order confirms Dominion's jurisdictional allegations regarding the Herring Defendants, holding that clear and convincing evidence supports finding they dictated OAN's defamatory broadcasts. In short, the impact of the Colorado court's Order on Defendants' motion is to confirm it is meritless.

**A.      The Order confirms that the overlap between this case and the *Coomer* action is minimal and *Colorado River* abstention accordingly does not apply.**

The *Coomer* decision confirms that Dominion's Complaint against the OAN Defendants alleges far more defamatory statements by the OAN Defendants than are at issue in the case brought by Eric Coomer, a former Dominion employee by the time Dominion filed suit. The *Coomer* action focuses on statements by Oltmann that were adopted and rebroadcast by OAN, including in its "Dominion-izing the Vote" broadcast. Accordingly, while the Colorado court's finding that OAN ignored credible evidence that the 2020 Presidential election was not influenced by widespread fraud certainly supports Dominion's own allegations of actual malice, the Colorado court made no findings of fact or conclusions of law with regard to the vast majority of the specific defamatory statements alleged in Dominion's complaint. Indeed, the Order does not and cannot

1

address the other 21 defamatory statements—many of which involve statements on OAN by other defendants currently in front of this Court. *See infra*, Pt. B. This highlights that the *Coomer* action does not—and cannot—provide a "complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). This is especially true given that Coomer and Dominion <u>are not the same party</u>.

**B.      The Order confirms that transfer will not be more convenient than proceeding here.**

With regard to Defendants' request to transfer this action to Colorado, the only question is whether convenience warrants doing so. As the Order makes clear, it does not.

The Order confirms that the most efficient way to proceed is for this Court to retain jurisdiction over Defendants *and* those individuals who broadcast statements on OAN. Aside from the limited overlap regarding Oltmann's statements about an alleged "antifa conference call," Dominion has here alleged defamatory statements on OAN by Mike Lindell, Rudolph Giuliani, Sidney Powell, and Patrick Byrne. *See* Complaint ¶ 306(g) (Byrne); (Lindell) ¶ 306 (p), (q), (r), (s), (t), (u), (w), (x), (y); (Powell) ¶ 306(l); ¶ 306(h), (k), (m), (n) (Giuliani). Neither Lindell nor Byrne is a defendant in the *Coomer* action. And while Coomer names Powell as a defendant, his allegations against her do not involve any contact with OAN. *See Order* ¶¶ 75–88. The *Coomer* action does involve an allegation about Rudy Giuilani's cooperation with OAN, including prior to his November 19 press conference with Sidney Powell. *Order* ¶ 100. But exploring this connection also will exist in this Court, as it is part and parcel of Dominion's allegations against Giuliani. The *Coomer* Order establishes that Coomer's claims against Giuliani and Powell will continue in Colorado even as both Giuliani and Powell also are Defendants in Dominion's actions here.

The shared connections between the conduct of OAN and of the individual defendants Dominion has actions pending against here demonstrate that the most efficient path is for this Court to coordinate discovery in all of Dominion's actions pending before this Court. Separating

2

the Defendants here from the other defendants in this Court will prejudice Dominion by forcing piecemeal litigation on common events. The *Coomer* Order confirms this: it finds that Giuliani, Powell, and OAN-Rion engaged in a civil conspiracy with the object of "spread[ing] dangerous and inflammatory political disinformation with the goal of undermining the legitimacy of the 2020 presidential election." Order ¶ 261; *id.* ¶ 273. Just as Giuliani, Powell, and OAN coordinated to spread their defamation of Coomer, they more extensively did so with regard to Dominion.

Dominion intends to seek consolidation of its actions in this Court at least for the purpose of discovery. This includes Dominion's cases against Patrick Byrne and Mike Lindell—who, as Dominion's complaints make clear, acted in concert to spread their lies in the same way that the Colorado court found Giuliani, Powell, and OAN-Rion "cooperated and fed off one another"; and neither of whom is a defendant in the *Coomer* action. Dominion expressly alleges that OAN spread its lies "by broadcasting and promoting interviews with discredited figures such as Sidney Powell, Rudolph Giuliani, Patrick Byrne, and Mike Lindell," Compl. ¶ 4, and Dominion alleges many of the very same broadcasts in this case and its cases against those individual defendants, *compare, e.g., id.* at ¶ 305(g) *with* Byrne Compl. ¶ 153(c)); *id.* ¶ 305(h), (n) *with* Giuliani Compl. ¶ 178(v), (mm)); *id.* ¶ 305(p)–(q) *with* Lindell Compl. ¶165(y)–(z)). Discovery will be far more convenient if all of Dominion's actions remain pending here. Keeping both the OAN Defendants and those in Dominion's other actions here also provides the option of consolidating for all purposes, including trial. This option would not exist if this Court transfers this case.

The Order additionally confirms the centrality of this District. In particular, the Colorado court found that the witnesses Oltmann relied on to support his story of an "Antifa conference call," including Heidi Beedle, Tay Anderson, and Erik Maulbetsch, "1) denied any knowledge of such a call, 2) denied any knowledge of the statements Oltmann alleged occurred on the call, and

3

3) denied any knowledge of Coomer on such a call." Order ¶ 26 & n.90. Each of these is a witness that OAN claims is a Colorado resident justifying transfer to Colorado. Mot. to Dismiss at 20; *see also* 4/20/22 Tr. at 34:13–14 (arguing that testimony from Beedle and Anderson supports transfer). But certainly the OAN Defendants cannot intend to call these witnesses at trial.

The Order underscores the impact of the OAN Defendants' statements in this District. As the Colorado court noted, "It is impossible not to draw a straight line from Oltmann's threats of violence on his November 5th and 6th podcasts, to his statements regarding Coomer on November 9, 2020 and thereafter, to the violent attack on democracy that occurred in Washington, D.C. on January 6, 2021." Order ¶ 16 n.54. And of course Rion and Christina Bobb reside in D.C., OAN's studio is a mere block from the courthouse, both Herring defendants conduct business in D.C. and, according to public records, Charles Herring owns a condominium 3.5 miles from the courthouse. *See*  https://propertysearch.arlingtonva.us/Home/GeneralInformation?lrsn=66482. It defies explanation to claim that "convenience" could justify transfer.

Transfer will not consolidate this action with the *Coomer* action. It will only send the case to federal district court while the *Coomer* action remains pending in state court. OAN-Rion will still be defending two actions pending in two jurisdictions. And OAN-Rion have demonstrated in Colorado that their strategy is to delay and lengthen the proceedings. Indeed, they have been sanctioned there for frivolous filings and have sought to stay the *Coomer* action. *See Coomer v. Donald J. Trump for President, Inc.*, Case No. 2020cv34319, Dkt. Nos. 775, 794 (Colo. Dist. Ct.). Transferring this case to Colorado *federal* court due to the Colorado *state* court action (that OAN has also tried to stay) defies efficiency and common sense. Nothing in the Order changes that.

C.    **The Order confirms Dominion's jurisdictional allegations against the Herrings.**

At oral argument on OAN's Motion, OAN sought to cast doubt on Dominion's allegations regarding the Herrings Defendants' control over OAN's defamatory broadcasts. Putting aside that

4

Dominion's allegations must be taken as true at this stage, the Colorado court made a similar finding. The Colorado court stated in its Findings of Fact that "Charles Herring and the Herring family own OAN and exercise direct control over the content published by OAN." Order ¶ 65; *compare* Compl. ¶¶ 18–19. The Colorado court made the further factual finding that OAN's "Dominion-izing the Vote" "was an 'H Story' required by Charles Herring to be given priority broadcasting." Order ¶ 68. At oral argument, counsel for OAN argued that Dominion's allegations regarding the Herrings had to "tie to the allegedly defamatory statements in this case." 4/20/22 Tr. at 73. As this Court pointed out, Dominion's allegations regarding the control exercised by the Herrings over so-called "H stories" does exactly that, *id.* at 73–74.

D.   **The Order does not support OAN's arguments.**

The Colorado court's finding that "OAN-Rion named Coomer in relation to their allegations of election fraud, making him the face of the Dominion conspiracy theory," does not render Coomer and Dominion the same party, nor does it place at issue all defamatory statements about Dominion. OAN has argued otherwise. However, the Colorado court did not suggest any remedy owed to Dominion, or any involvement by Dominion in the case before it. On the contrary, throughout the order the Court ties the defendants' defamation to their intentional infliction of emotional distress on Coomer, which is a distinctly personal claim and unrelated to harm suffered by Dominion. *See, e.g.*, Order at ¶¶ 117, 171, 175, 182, 188, 194. As this Court has correctly stated, Coomer and Dominion "are not the same party." *Id.* at 9. Nothing in the Colorado court's order alters that. And the Colorado court's finding cannot possibly work to put all of the OAN Defendants' defamatory statements about Dominion at issue in that action.

Coomer and Dominion are distinct parties with distinct allegations. The Colorado court's Order confirms that the most efficient path forward is for this matter to remain pending before this Court along with Dominion's other actions.

5

Dated: May 27, 2022

Respectfully submitted,

*/s/ Katherine Peaslee*
Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
4601 Concord Pike
Wilmington, DE 19803
rodsmolla@gmail.com
(864) 373-3882

*Attorneys for Plaintiffs*

Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
Florence T. Chen (D.C. Bar No. TX0025)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
fchen@susmangodfrey.com
bfowler@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No. NY0443*)*
Elisha Barron (*pro hac vice*)
SUSMAN GODFREY LLP
1301 6th Avenue
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117*)*
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com

Katherine Peaslee (*pro hac vice*)
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101
(206) 516-3880
kpeaslee@susmangodfrey.com

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

                                                */s/     Katherine Peaslee*