# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al.,<br><br>  *Plaintiffs,*<br><br>v.<br><br>SIDNEY POWELL, et al.,<br><br>  *Defendants*. | Civil Action No. 21-cv-00040 (CJN) |
| US DOMINION, INC., et al.,<br><br>  *Plaintiffs*,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>  *Defendant*. | Civil Action No. 21-cv-00213 (CJN) |
| US DOMINION, INC., et al.,<br><br>  *Plaintiffs*,<br><br>v.<br><br>MY PILLOW, INC., et al.,<br><br>  *Defendants*, | Civil Action No. 21-cv-00445 (CJN) |

| US DOMINION, INC., et al., |   |
|---|---|
| *Plaintiffs*, | |
| v. | |
| PATRICK BYRNE, | Civil Action No. 21-cv-02131 (CJN) |
| *Defendant*. | |

| US DOMINION, INC., *et al.,* |   |
|---|---|
| *Plaintiffs*, | |
| v. | |
| HERRING NETWORKS, INC. *et al.,* | Civil Action No. 21-cv-02130 (CJN) |
| *Defendants*. | |

## ORDER REGARDING SCHEDULING AND DISCOVERY DISPUTES

On October 8, 2024, the Court held a hearing in the above-captioned cases regarding various scheduling and discovery disputes. Upon consideration of the written submissions and oral argument of the Parties, and for the reasons stated on the record, it is hereby **ORDERED** as follows:

**A.  Scheduling Order for All the Above-Captioned Cases**

For the reasons explained on the record, Dominion's request to adjust certain pre-trial deadlines is **GRANTED**. The new dates shall be those provided to the Court on September 11, 2024, which are as follows:

| Event | Date |
|---|---|
| Completion of limited number of depositions in *Herring Networks* (21-cv-2130) case | October 31, 2024 |
| Completion of document productions and depositions of (1) Bobb; (2) previously requested persons connected to Powell, Powell P.C. and DTR[1]; (3) Lindell, MyPillow, and persons connected to Lindell and MyPillow; (4) Byrne and persons connected to Byrne; and (5) Giuliani and persons connected to Giuliani | December 13, 2024 |
| Proponents' Expert Reports | December 20, 2024 |
| Opponents' Expert Reports | January 31, 2025 |
| Proponents' Responsive Expert Reports | March 14, 2025 |
| Deadline for Expert Depositions | April 18, 2025 |
| Status Conference | Currently set for February 18, 2025. Court to advise whether it intends to keep this date or reset. |
| Dispositive Motions | June 13, 2025 |
| Oppositions to Dispositive Motions | July 18, 2025 |
| Replies in Support of Dispositive Motions | August 29, 2025 |

**B.**   ***US Dominion, Inc. et al. v. Herring Networks, Inc. et al.* (21-cv-2130)**

**(1)**   Dominion's request for certain financial documents responsive to RFPs 77, 78, 79, 80, and 81 from Herring Networks, Inc. d/b/a One America News Network, Charles Herring, Robert Herring, Sr., and Chanel Rion (collectively, the "Herring Defendants") is **GRANTED IN PART AND DENIED IN PART**, without prejudice to Dominion reraising its request for

---

[1] Plaintiffs and DTR disagree about the scope of individuals covered under this definition. The Parties have informed the Court they are working in good faith to resolve this issue and are ordered to further meet and confer as necessary.

3

information going to punitive damages at the time of trial or a time that the Court determines that punitive damages can be recovered. For the reasons stated on the record, the Herring Defendants are hereby **ORDERED** to produce by no later than December 6, 2024, the requested documents as follows:

   i. **RFPs 77 & 78:** For 2019, the Herring Defendants shall produce quarterly financial statements, if they exist, which would show profits, losses, and revenues. If quarterly financial statements do not exist, but monthly financial statements do, for this time period, then the Herring Defendants shall produce the monthly financial statements for 2019. For 2020 and 2021, the Herring Defendants shall produce monthly reports reflecting the same information, if they exist, or, if they do not, but quarterly reports do, then the Herring Defendants shall produce those reports reflecting the same information.

   ii. **RFP 79:** The timeframe for this request shall be January 1, 2019, through the present with the following exception: Counsel for Messrs. Robert and Charles Herring shall inquire whether there were investor discussions in 2018. If yes, this request shall go back to 2018. For all applicable years, the Herring Defendants shall produce pitch decks, if they exist, as well as conduct an ESI search for communications with potential investors. The Parties shall meet and confer on the scope of the ESI review.

   iii. **RFPs 80 & 81:** The timeframe for this request shall be November 1, 2020, through the present. The Herring Defendants shall produce financial statements as described on the record if they exist. The Herring Defendants are not required to produce tax returns.

**(2)** The Herring Defendants' request to strike four recently disclosed counties (Elbert County, Colorado; Monroe County, New York; Saratoga County, New York; and Schuyler County, New York) is **DENIED**. That said, as stated on the record, the Herring Defendants have a right to test Dominion's claim that these county opportunities were lost because of the alleged defamation. To this end, the Parties have agreed to the following:

    i. For these four counties, to the extent Dominion knows the county contact for a deposition, it shall promptly provide it to the Herring Defendants;

    ii. For these four counties, the Herring Defendants are permitted to reach out to said county and seek documents and depositions to occur no later than December 13, 2024;

    iii. For any additional future claimed losses, Dominion will so inform Defendants within two weeks of learning of the loss and only if Dominion in good faith believes the Defendants were a substantial factor in causing the perceived loss to Dominion. In such an event, Dominion will not oppose Defendants seeking the discovery outlined in (2)(ii) above; and will meet and confer with Defendants to the extent there is any need for additional discovery from Dominion;

    iv. Defendants are not foreclosed from objecting to such notice as untimely and from pursuing additional discovery or relief.

**(3)** For the reasons stated on the record, the Herring Defendants' request for further inspection of Dominion's voting machines and software is **DENIED**.

**(4)** For the reasons stated on the record, Dominion's request to quash the deposition of third-party witness Steve Owens is **DENIED**. The Parties are **ORDERED** to meet and confer on a time for an in-person deposition that should have taken place in October.

**C.**   *US Dominion, Inc. et al. v. Powell et al.* **(21-cv-040)**

**(1)**   As to the deposition dates of certain third-party witnesses, that issue is mooted by the Court's Scheduling Order detailed in Section A above.  For the avoidance of doubt, the previously requested depositions shall take place no later than December 13, 2024.

**(2)**   Dominion's request for financial documents responsive to RFPs 43, 49, 76, 77, 84, 88, and 90, is **GRANTED IN PART** and **DENIED IN PART**, without prejudice to Dominion reraising its request for information going to punitive damages at a later time.  For the reasons stated on the record, and by no later than December 6, 2024,

   **i.**   Defendants Sidney Powell and Powell P.C. (the "Powell Parties") are hereby **ORDERED** to produce any of the requested documents that go to a theory other than punitive damages, such as actual malice.  This includes all documents responsive to **RFPS 49, 76, 77, 88,** and **90**.

   **ii.**   As for **RFPs 43** and **84**, the Powell Parties are further **ORDERED** to produce documents with the following additional specifications:

   **a.**   The Powell Parties shall produce the top line number of Ms. Powell's income for each of the requested years.

   **b.**   The Powell Parties shall further produce financial records sufficient to show profits and losses with the right to redact only information that is plainly unrelated to this lawsuit (e.g., social security).  The Parties shall meet and confer on a procedure for redactions.

**(3)**   The Powell Parties' request to strike four recently disclosed counties (Elbert County, Colorado; Monroe County, New York; Saratoga County, New York; and Schuyler

County, New York) is **DENIED.** The Parties are further **ORDERED** to follow the procedure outlined in (B)(2) above.

D.   *US Dominion, Inc. et al. v. Byrne* **(21-cv-2131)**

The Court recognized at the hearing that there are pending disputes involving Mr. Byrne. Those will be taken up in due course.

**SO ORDERED**.

Date:   November 8, 2024

_____
MOXILA A. UPADHYAYA
United States Magistrate Judge